**The document below is hereby signed.**

**Dated: June 25, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                            )
                                 )
CLARENCE LUSANE,                 )   Case No. 11-00889
                                 )   (Chapter 7)
            Debtor.              )   Not for publication in
                                 )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DISMISSING ARC CONSTRUCTION
SERVICES, INC.'S OBJECTION TO DEBTOR'S CLAIMED MONTHLY EXPENSES

Arc Construction Services, Inc. has filed an objection (Dkt. No. 29) to the debtor's claimed monthly expenses reported on his Schedule J (and as payroll deductions on Schedule I). Arc has also filed a motion (Dkt. No. 27) to convert the case to chapter 13 or to dismiss the case, invoking both 11 U.S.C. § 707(a) and § 707(b).

The Bankruptcy Rules include no provision for objecting, in isolation, to a debtor's claimed monthly expenses reported on his Schedule J (and as payroll deductions on Schedule I). The accuracy of a debtor's claimed expenses may be pertinent to some contested matter (such as an objection to confirmation of a debtor's chapter 13 plan), but it makes no sense to address an objection to the accuracy of the debtor's claimed expenses if the

contested matter may be adjudicated on simpler grounds.  Here, any § 707(b) motion is untimely, and the debtor argues that § 707(a) does not authorize a dismissal based on bad faith.  The preliminary inquiry, therefore, is one of law: whether Arc's motion is barred as a matter of law without the necessity of addressing the accuracy of the debtor's claimed expenses.  If the debtor is entitled to win on that issue, there is no reason to engage in an evidentiary hearing regarding the accuracy of the debtor's claimed expenses.

　　　The chapter 7 trustee has obtained an extension of time to address Arc's motion to convert or dismiss pending the court's ruling on Arc's objection to the claimed expenses, but that extension did not strait-jacket the court into being required to address first the issue of claimed expenses instead of addressing first the legal issue of whether Arc's motion to convert or dismiss is barred as a matter of law.  If the trustee wants to take a position on that legal issue regarding the motion to convert or dismiss, he ought to file something now.

　　　It may very well develop that an evidentiary hearing will be necessary if the question of law turns on how egregious any alleged inaccuracies in the debtor's claimed expenses prove to be in actuality, or if the court decides that the question of law is sufficiently difficult that it ought to rule only after a full evidentiary record is developed.  Nevertheless, it makes sense

for the trustee to first address the issue of whether the motion to convert or dismiss should be denied without hearing evidence.[1] It is thus

ORDERED that Arc Construction Services, Inc.'s objection (Dkt. No. 29) to the debtor's claimed monthly expenses reported on his Schedule J (and as payroll deductions on Schedule I) is dismissed without prejudice to consideration of whether the debtor's claimed expenses are accurate in the course of adjudicating Arc Construction Services, Inc.'s motion (Dkt. No. 27) to convert or dismiss.  It is further

ORDERED that within 14 days after entry of this order, the trustee shall file a response, if he wishes to file one, to Arc Construction Services, Inc.'s motion (Dkt. No. 27) to convert or dismiss.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[1]  Arc Construction Services, Inc. will have an opportunity to file a reply to any response filed by the trustee.

3