The document below is hereby signed.

Signed: February 23, 2013



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CLARENCE LUSANE, | ) | Case No. 11-00889 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING
<u>ARC CONSTRUCTION SERVICES, INC'S MOTION FOR RELIEF FROM ORDERS</u>

Arc Construction Services, Inc. has filed a motion under Rule 60(a) and Rule 60(b)(1) to amend two orders dated April 2, 2012, and May 11, 2012.  The orders in their current form extend the deadlines for objecting to exemptions and expenses and for filing complaints to determine the dischargeability of debts under 11 U.S.C. § 523.  Arc's motion asks that the orders be amended to reflect that the extensions apply also to the filing of objections to the debtor's discharge under 11 U.S.C. § 727.[1]  As explained in more detail below, Arc has failed to establish that relief under Rule 60 is warranted and the motion will be

---

[1] "[Section] 523 and § 727 are not interchangeable, and the granting of additional time to pursue one does not automatically extend the time period to pursue the other. . . ." *In re Billings*, 146 B.R. 431, 436 (Bankr. N.D. Ill. 1992).

denied accordingly.

I.

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Relief under Rule 60(a) can only be granted "where the judgment failed to reflect the court's intention" *Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75, 87 (1st Cir. 2012) (quoting *Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27, 29 (1st Cir. 2007).

Rule 60(b)(1) permits the court to relieve a party from an order due to mistake, inadvertence, surprise, or excusable neglect, and motions seeking such relief must be filed "within a reasonable time [and] . . . no more than a year after the entry of the judgment or order . . . ."  Fed. R. Civ. P. 60(c)(1). "The determination of 'excusable neglect' is an equitable matter that requires consideration of, *inter alia*, the risk of prejudice to the non-movant and whether the movant acted in good faith." *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.D.C. 2011) (finding excusable neglect warranting Rule 60(b)(1) relief where party, through inadvertence, used the term "resident" instead of "citizen" when alleging diversity jurisdiction).  "Negligence, or even gross negligence, on the part of counsel does not constitute the "excusable neglect" warranting relief under this section of

2

the rule." *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).

The availability of relief under Rule 60(a) and (b) requires the court to consider exactly what was requested by the motions to extend, what relief was in fact granted under the resulting orders, and whether the orders properly reflect that which was requested in the underlying motions.  Only then can the court determine what, if any mistakes, appear in the orders, and what, if any, remedy is available to Arc Construction Services under either Rule 60(a) or Rule 60(b)(1).

A.
The First Motion to Extend and
the Resulting Order of April 2, 2012

On March 5, 2012, Arc Construction Services filed a motion titled "Motion to Extend the Deadline to File Complaint to Determine Dischargeability of Debts and Deadline to Object to Exemptions and Expenses."  In the motion's opening paragraph, Arc indicates that it is filing the motion "pursuant to Federal Rule of Bankruptcy Procedure . . . 4004(b) and 4007(c), and 11 U.S.C. § 105 and 522 . . . ."  In addition to the reference to Rule 4004(b), paragraph 7 of the complaint indicates that relief is being sought, in part, because "[t]he current deadline to object to discharge or exemptions in the above-captioned case is March 5, 2012," and paragraph 8 states that "Arc requests the deadline to object to discharge be extended for 60 days in order to allow for time [to] take a Debtors 2004 exam . . . ."  The balance of

3

the motion, however, discusses only Rule 4007(c) and the deadline for filing complaints to determine the dischargeability of debt pursuant to §523(c). Likewise, in its ultimate prayer for relief, Arc asks the court to "enter an order extending the deadline to determine dischargeability and object to Debtor's claimed exemptions and expenses through and including May 7, 2012 . . . ."[2] Finally, in the proposed order submitted by Arc's counsel and signed by the court provided that it is:

> "ORDERED, that the deadline for filing a complaint objecting to the dischargeability, Debtor's claimed exemptions or Debtor's claimed expenses by Arc Construction, Inc. should be and, [ ] hereby is extended through and including May 7, 2012."

The debtor opposed the motion, treating it as seeking an extension only of the deadline for filing complaints to determine

---

[2] In its Rule 60 motion, Arc notes that the first motion to extend the deadlines sought a determination of dischargeability of *debts*, not just of one single debt. The court does not think it is significant that the motion referred to multiple debts rather than one single debt. Determinations of dischargeability are distinct from objections to the debtor's discharge, and a determination of the dischargeability of multiple debts is not the equivalent of an objection to discharge. *See In re Billings*, 146 B.R. at 434 (the rationale for denying a discharge is different than the rationale for excluding certain debts from discharge, and pursuit of these different forms of relief is governed by distinct procedural rules).
    The first motion to extend also alleged that granting the motion would be in the creditors' best interest, not just Arc's best interest. Arc contends that this further supports the conclusion that an extension of the deadline for objecting to discharge was sought. The motion, however, clearly sought an extension of the deadline to object to the debtor's exemptions and expenses, relief that had the potential to benefit the creditor body as a whole.

the dischargeability of debt and objections to exemptions.  The court overruled the debtor's objection and granted the motion by signing the proposed order submitted by Arc's counsel.  Given the specific request for relief made in the motion's prayer for relief and the reference in the order only to dischargeability and not to the debtor's discharge itself, the court concludes that the order did not extend the deadline for filing complaints objecting to discharge under § 727(a).[3]

The next question is whether the failure of the order to extend the deadline for filing a § 727(a) complaint objecting to discharge was merely a clerical error that the court should correct under Rule 60(a).  As already noted, the order granted the relief requested by Arc in the motion's prayer for relief.  It was the intention of the court to grant the limited request for relief contained in the motion's prayer for relief, and the failure of the order to extend the deadline for objecting to discharge was not a mere oversight of the court.  Accordingly, the court finds that the failure of the April 2, 2012 order to extend the deadline for objecting to discharge was not a clerical

---

[3] The court notes that the use of the phrase "objection to dischargeability" is an imprecise way to refer to a § 523(c) complaint as such complaints are more properly characterized as complaints seeking a determination of nondischargeability, not objecting to dischargeability.  "[D]ischarge under § 727 and dischargeability under § 523 refer to distinct concepts and cannot be used interchangeably." *In re Billings*, 146 B.R. at 435.

5

mistake and Arc is not entitled to relief under Rule 60(a) to modify the order.

Relief from the order is likewise unavailable under Rule 60(b)(1). Although the motion refers to Rule 4004 and the deadline for objecting to discharge, Arc simply failed to request an extension of that deadline in its prayer for relief, and did not even attempt to seek a grant of such relief in the proposed order submitted to the court. Although Arc's failure to include this request in its prayer for relief and in the proposed form of order submitted to the court may have been inadvertent and in good faith, the debtor was never given a meaningful opportunity to object to such relief and it would be unduly prejudicial to retroactively grant such relief. Accordingly, the court will not grant Arc relief from the order under Rule 60(b)(1).

### B.
### The Second Motion to Extend and the Resulting May 11, 2012 Order

On May 7, 2012, Arc Construction Services together with the debtor filed a motion titled "Consent Motion for Extension of Time for Arc Construction Services, Inc. to File Complaint to Determine Dischargeability and Objects [sic] to Claimed Exemptions and Expenses." As with the opening paragraph of Arc's first motion to extend, the opening paragraph of the consent motion invokes Rule 4004. Specifically, it states that the parties "pursuant to Bankruptcy Rules 4004, 4007(c) and 9006(b),

and 11 U.S.C. § 105 and 522 seek an extension of time in which to file a Complaint to Determine Dischargeability, and object to exemptions and expenses . . . ." Other than this reference to Rule 4004, the motion does not mention the deadline for objecting to discharge, with all stipulations relating instead to the deadlines for filing complaints to determine the dischargeability of debts and to object to exemptions and expenses. The reference in the opening paragraph to Rule 4004 cannot, alone, sustain a finding that the parties intended by their consent motion to extend the deadline for filing complaints objecting to discharge. The only reasonable interpretation of the motion is that the parties requested an extension only of the deadlines to file complaints to determine the dischargeability of debt and to object to exemptions and expenses.

The court granted the consent motion by the signing of the proposed order submitted by the parties. Inconsistent with the motion, the order is titled "Order Granting Consent Motion to Extend Time to Object to Discharge and Claimed Exemptions or Expenses to Arc Construction Services, Inc." The order then provides as follows:

> UPON CONSIDERATION of Arc Construction Services, Inc.'s and Debtor Clarence Lusane's Consent Motion to Extend Time to Object to Discharge and Claimed Exemptions and Expenses, and finding that cause exists to grant the requested relief, it is hereby . . . :
>
> ORDERED, that the Consent Motion is GRANTED; and it is further

>       ORDERED, that the deadline for Arc to file a
>  complaint objecting to the dischargeability or to
>  object to claimed exemptions or expenses is extended
>  through and including May 14, 2012.

The order could not grant any relief beyond that which was sought in the motion, regardless of how the order was titled. When the court "ORDERED, that the Consent Motion is GRANTED" the court was granting the extension agreed to by the parties as memorialized in the consent motion, namely an extension of the deadline to file complaints to determine the dischargeability of debts and an extension of the deadline to object to exemptions and expenses.

The question, then, is whether grounds exist to amend the order under either Rule 60(a) or Rule 60(b)(1). The order *does* contain what can be described as clerical mistakes. First, the title of the order indicates that the order is "Granting Consent Motion to Extend Time to Object to Discharge. . . ." The motion being granted, however, was titled, consistent with the substance of the motion, "Consent Motion for Extension of Time for Arc Construction Services, Inc. to File Complaint to Determine Dischargeability and Objects [sic] to Claims Exemptions and Expenses." This inaccurate reference to the title of the underlying motion is a clerical error that the court is free to correct. Similarly, the body of the order refers to the underlying motion as a "Consent Motion to Extend Time to Object to Discharge and Claimed Exemptions and Expenses." Again, this

8

inaccurately describes both the title and substance of the underlying consent motion, and constitutes a clerical error. Rule 60(a) relief is unnecessary to correct these errors, however, because the effect of the order, corrected or in its current form, is the same: it extends the deadline only as to the filing of complaints to determine the dischargeability of debt and to object to exemptions and expenses.

The order does not contain any clerical errors that would support Rule 60(a) relief to amend the order to provide that it also granted an extension of time for filing complaints objecting to discharge.  There is nothing in the record reflecting that the parties consented to an extension of the deadline to file complaints objecting to the debtor's discharge, and modifying the order to extend that deadline would be tantamount to rewriting the agreement of the parties.

Rule 60(b)(1) relief is likewise unavailable to modify the order to provide for an extension of the deadline for filing complaints objecting to discharge.  The motion expresses a clear mutual intent of the parties to extend the deadlines for filing complaints to determine the dischargeability of debt and to object to exemptions and expenses.  Arc's failure to include a request for an extension of the deadline to object to discharge in the consent motion may have been inadvertent, or Arc Construction may have been under the mistaken belief that the

motion adequately sought to extend the deadline as to complaints objecting to discharge, but there is no indication that the debtor consented, expressly or implicitly, to an extension of the deadline for filing complaints objecting to discharge.  Although there is likewise no indication that Arc was acting in bad faith, it would be unduly prejudicial to the debtor to rewrite the terms of the order to grant Arc an extension that Arc never requested, as to which the debtor never consented, and as to which the debtor was not given a meaningful opportunity to object.

II.

It is thus

ORDERED that Arc Construction Services, Inc.'s Motion for Relief From Orders (Dkt. No. 58) is DENIED without prejudice to the filing of a motion seeking an extension of time under Rule 4004(b)(2).

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.